

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 9, 1963

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C-155

RE: Construction of Arti-
cles 13.02 and 13.03,
Title 122A, Taxation-
General, V.C.S., as
to which coin-operated
machines are taxable
or exempt from
taxation.

Dear Mr. Calvert:

You have requested an opinion from this depart-
ment construing Articles 13.02 and Article 13.03, Title
122A, V.C.S., and more specifically you have asked the
following question:

"I respectfully request a formal
opinion indicating which coin-operated
machines are made taxable by Article
13.02 and which coin-operated machines
are exempt under Article 13.03, as
amended by Acts 1961, 57th Leg., 1st
C.S., p. 71, ch. 24, Art. III, Sec. 1."

The pertinent part of Article 13.02 and Article
13.03 as amended are quoted as follows:

"Art. 13.02. Amount of Tax.

"(1) Every 'owner' who owns, controls,
possesses, exhibits, displays, or who
permits to be exhibited or displayed in
this State any 'coin-operated machine'
shall pay, and there is hereby levied on
each 'coin-operated machine,' as defined
herein in Article 13.01, except as are
exempt herein, an annual occupation tax
of Ten Dollars ($10)."

"Art. 13.03. Exemption from tax.

"Gas meters, pay telephones, pay toilets,

-751-

food vending machines, confection vend-
ing machines, beverage vending machines,
merchandise vending machines, and
cigarette vending machines which are
now subject to an occupation or gross
receipts tax, stamp vending machines,
and 'service coin-operated machines,'
as that term is defined, are expressly
exempt from the tax levied herein, and
the other provisions of this Chapter."

Article 13.01, Title 122A, Section 3, defines
the term "coin-operated machines" as follows, and we quote:

"(3) The term 'coin-operated machine'
means every machine or device of any
kind or character which is operated by
or with coins, or metal slugs, tokens
or checks, . . ."

Article 13.01 and Article 13.02, as enacted by
the 56th Legislature, 3rd Called Session, p. 187, ch. 1,
were both a part of the same act, and the definitions in
Article 13.01 applied to the provisions of Article 13.02.
Since Article 13.02 and Article 13.03, as amended, Acts
1961, 57th Leg., 1st C.S., p. 71, ch. 24, Article III,
Sec. 1, is a different act of the Legislature from that
above mentioned, it was necessary in Article 13.02, as
amended, to refer to the definition in Article 13.01.
This is the only difference between Section 1 of Article
13.02, as amended, and the original Article 13.02, except
that the original act provided for ". . . an annual
occupation tax determined as follows:", and the amended
Section 1 of Article 13.02 provides:  ". . . an annual
occupation tax of Ten Dollars ($10)."

We are of the opinion that other than the ex-
emptions provided in Article 13.03, there is levied by
Article 13.02, a tax of $10 on all coin-operated machines
as defined in Article 13.01, which means every machine or
device of any kind or character which is operated by or
with coins, or metal slugs, tokens or checks.

The next question is "Which coin-operated ma-
chines are exempt under Article 13.03 as amended?"

The caption of House Bill 20, Acts of 1961, 57th
Leg., 1st C.S., reads, in part, as follows:

". . . amending Article 13.02, Title
122A, Taxation-General, Revised Civil
Statutes of Texas, 1925, so as to impose
a uniform tax of Ten Dollars ($10) per
year on machines subject to the coin-
operated machines tax; amending Article
13.03, Title 122A, Taxation-General,
Revised Civil Statutes of Texas, 1925,
so as to add certain classes of vending
machines to the list of machines exempt
from the coin-operated machines tax; . . ."

This provision in the caption of the Bill makes
it clear that the Legislature intended to add certain
classes of vending machines to the list of exemptions pro-
vided in this Act.

Rules for interpreting statutes are designed to
aid the courts in ascertaining the legislative intent, in
cases of doubt, and they may be applied and used only for
that purpose. Accordingly, no particular rule will be
followed if it leads to an illogical conclusion or a re-
sult at variance with the intent of the Legislature. In
other words, the legislative intent is not to be defeated
by resort to technical rules or subleties. There is but
one rule of construction, and that is that the legislative
intent must govern. All other cannons of interpretation
so called are but grounds of argument resorted to for the
purpose of ascertaining the true meaning of the law. 39
Tex. Jur. 160, Statutes, Sec. 87.

The phrase "Which are now subject to an occupa-
tion or gross receipts tax," only applies to cigarette
vending machines and does not apply to the other coin-
operated machines listed preceding the cigarette vending
machines.

Article 13.03, as enacted by the 56th Legisla-
ture in 1959, provided for exempting gas meters, pay tele-
phones, pay toilets, and cigarette vending machines which
are now subject to an occupation or gross receipts tax.
Before the 1961 amendment, under your departmental con-
struction, gas meters, pay telephones and pay toilets were
tax exempt, although they were not subject to an occupation
or gross receipts tax. The caption in House Bill No. 20,
above mentioned, indicates that the Legislature intended
to add certain classes of vending machines to the list of
machines exempt from the coin-operated machines tax. If
the Legislature did not intend to exempt food vending

machines, confection vending machines, beverage vending machines, and merchandise vending machines, then there was no reason for putting them in Article 13.03, as amended by the 57th Legislature in 1961. Had these machines been left out of Article 13.03, they would have been subject to a tax because Article 13.02 levies a tax on all coin-operated machines which are not exempt by Article 13.03. It is, therefore, our opinion that all coin-operated machines listed in Article 13.03 are exempt from the tax levied by Article 13.02.

### S U M M A R Y

All coin-operated machines are subject to an annual occupation tax of $10.00, except those listed in Article 13.03, as amended, and all coin-operated machines listed in Article 13.03 are exempt from the coin-operated machine tax.

Very truly yours,

WAGGONER CARR
Attorney General

BY: J. H. Broadhurst
Assistant Attorney General

JHB/ja

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Marietta Payne
Pat Bailey
Howard Fender
Joseph Trimble

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone